

# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
alease@karpf-law.com

November 4, 2019

**VIA ECF ONLY**
Magistrate Judge Peggy Kuo
U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Alcon Vision, LLC v. Allied Vision Group, Inc., et al.*
                **Case No.: 18-2486**

Dear Judge Kuo:

      I represent non-party Web Eye Care, Inc. (hereinafter "WEC") in connection with a subpoena *duces tecum* it received from Plaintiff in connection with the above-referenced matter (a copy of which is attached as Exhibit A). Pursuant to Your Honor's Individual Rules of Practice V(A)(1), as well as Local Civil Rule 37.3, WEC respectfully submits this letter to quash the subpoena, since it: (a) is substantially overbroad in that it seeks the disclosure of documents pertaining to *many* of WEC's client's confidential, HIPAA protected information from January 1, 2013 to the present; and (b) places an undue burden upon WEC to produce irrelevant documents which are well beyond the scope of the applicable time period set forth in the Complaint. As set forth *infra,* this Court should quash the subpoena and require Plaintiff to re-issue a more narrowly tailored one which excludes confidential, HIPAA protected information and is limited to the previous three (3) years.

    a.   *The subpoena.*

      There are six (6) Requests in the subpoena at issue. *See* Exhibit A. WEC is willing to comply with Requests No.(s) 1; 3; 5 and 6 in their current forms. Request No. 2, however, is overbroad and should be quashed. That Request requires WEC to produce: "Communications between [WEC] and any other person or entity regarding Alcon from January 1, 2013 to the present." *See* Exhibit A, 5th page. WEC also asserts that Request No. 4 should be quashed, which seeks: "Communications between [WEC] and any other person or entity regarding Alcon products from January 1, 2013 to the present." *Id.* As set forth *infra,* WEC's instant application should be granted.



# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

    b. *Applicable law.*

"The decision to quash a subpoena is 'entrusted to the sound discretion of the district court.'" *Fappiano v. City of N.Y.*, 640 F. App'x 115, 121 (2d Cir. 2016) (citations omitted). "A district court 'must quash or modify a subpoena that . . . subjects a person to undue burden.'" *Id., citing* Fed. R. Civ. P. 45(d)(3)(A)(iv). In addition, in *AP Links, LLC v. Russ*, 299 F.R.D. 7 (E.D.N.Y. 2014) the Court noted that:

> "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." … "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome."

*Id.,* 299 F.R.D. at 11 (internal citations omitted).

A non-party, such as WEC, has "standing to seek to quash the subpoenas on the grounds that the document requests are excessively broad and seek irrelevant … information." *Aurelius Capital Partners v. Republic of Arg.*, 2013 U.S. Dist. LEXIS 32459, at *24 (S.D.N.Y. Mar. 7, 2013), *citing Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir. 1975); *Estate of Ungar v. Palestinian Auth.,* 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005).

    c. *Overbreadth of subpoena.*

Request No.(s) 2 and 4, which seeks communications between WEC and *any other person* regarding Alcon and Alcon products, are overly broad and must be quashed. WEC is engaged in the sale of contact lenses and eyeglasses (among other eye-related products). In connection with its business operations, WEC employs a Doctor of Optometry who regularly obtains access to and maintains, confidential HIPAA protected information pertaining to its customers' eye prescriptions, examinations and other health-related information. There can be no question that this information is protected by HIPAA. *See* 45 C.F.R. §160.102 (HIPAA applies to *inter alia:* "A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.").

WEC has been, and still is, regularly engaged in the sale of Alcon's products. Indeed, as noted in Plaintiff's Complaint, Alcon "has developed into a world-renowned developer and manufacturer of contact lenses, prescription eye care products, surgical devices for eye care practitioners, and over-the-counter eye care products." *See* ECF No. 1, ¶ 8. As such, if WEC were required to provide communications between it and every single one of its customers (from 2013 to the present) regarding Alcon products, WEC would necessarily be improperly disclosing a great deal of confidential health-related information belonging to its customers. Such a disclosure would require WEC to produce



# KARPF, KARPF & CERUTTI, P.C.
ATTORNEYS AT LAW

documentation pertaining to each and every one of its customers who purchased an Alcon product within the past nearly seven (7) years. As such, Request No.(s) 2 and 4 are impermissibly overbroad and Plaintiff should be required to re-issue a new subpoena, which excludes any confidential health-related information. *See e.g., Gen. Foods Corp. v. Comput. Election Sys.*, No. M8-85, 1980 U.S. Dist. LEXIS 10479, at *3 (S.D.N.Y. Mar. 13, 1980) ("The [non-party] subpoena in its present form is entirely too broad and burdensome, and will be quashed.").

  d. *Undue burden*.

Request No.(s) 2 and 4, which seek information from nearly the previous seven (7) years ("from January 1, 2013 to the present") places an undue burden upon WEC and is beyond the scope of the relevant time period as defined in Plaintiff's Complaint.  In its Complaint, Plaintiff does not specifically allege that the Defendants engaged in any allegedly unlawful acts prior to May of 2017. *See* ECF No. 1, ¶¶ 101, 102, 109, 110 and 118. Accordingly, in addition to seeking confidential health information, requiring WEC to produce documents from nearly the past seven (7) years, when only the past approximately two and-a-half years is relevant, the subpoena would place an undue burden upon WEC. WEC remains ready to produce non-confidential/non-HIPAA protected information from the previous three (3) years, which should be more than sufficient for Plaintiff's purposes. In addition, WEC had a significant partnership dispute with a partner who is no longer affiliated with it and who previously oversaw such information, had a change in electronic systems, and trying to obtain information pre-2017 or 2018 would be exceptionally hard and would present a very undue burden.

"Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such factors as *relevance*, the need of the party for the documents, the breadth of the document request, *the time period covered by it*, the particularity with which the documents are described and the burden imposed.' *IBM*, 83 F.R.D. at 104. In addition, the status of a witness as a ***non-party*** to the underlying litigation 'entitles [the witness] to consideration regarding expense and ***inconvenience***.' Fed. R. Civ. P. 45(c)(2)(B)." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (emphasis added). In the instant matter, WEC is a non-party and the subpoena seeks documents from nearly twice as many years as the relevant time period. As such, the subpoena places an undue burden upon WEC and it should be quashed.

  e. *Good faith effort to resolve.*

Prior to making the instant application, WEC made a good faith effort to resolve the issues raised herein by sending an email on October 31, 2019 to counsel for the Plaintiff, who issued the subpoena. In addition to requesting an extension to respond to the subpoena (which makes the instant application timely), this office generally raised the issues with Plaintiff's subpoena as set forth herein and requested that Plaintiff contact counsel for WEC to confer regarding this potential motion. As of the date of this submission, counsel for Plaintiff has not contacted this office.

Thank you for the Court's attention to this matter. Please let me know if the Court requires any additional information.



**KARPF, KARPF & CERUTTI, P.C.**

ATTORNEYS AT LAW

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Adam C. Lease*
Adam C. Lease

Enclosure

cc (via ECF):
All counsel of record